# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDIANS PROTECTING FREEDOM, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>JOSEPH A. LADAPO, in his official capacity as State Surgeon General and Head of the Florida Department of Health,<br><br>*Defendant*. | Civil Action No. 4:24-cv-00419 |

## DECLARATION OF SARA LATSHAW

My name is Sara Latshaw. I am over the age of 18 and fully competent to make this declaration. Under penalty of perjury, pursuant to 28 U.S.C. § 1746, I declare:

1. I am the Chair of Floridians Protecting Freedom, Inc. ("FPF"), the plaintiff in this action.

2. I have been the Chair of FPF since September 2023.

3. On October 3, 2024, Defendant sent cease-and-desist letters to Florida television stations over "Caroline," a political advertisement concerning Amendment 4, a November ballot measure that would limit government interference with abortion. The letters demanded that stations remove the "Caroline" advertisement within 24 hours or face legal consequences, including criminal prosecution.

4. My understanding is that WINK-TV took down "Caroline" as a result of the Department's letter. The advertisement reservation had been booked and fully paid for when WINK-TV took it down; WINK-TV did not indicate it was open to putting the advertisement back up until conducting a "legal review" and speaking with FPF's counsel.

5. At the time of my declaration to this Court on October 15, 2024, I did not know that WINK-TV had in fact resumed airing "Caroline." I now understand that WINK-TV did begin airing "Caroline" again on October 14, 2024. In total, the advertisement was down for five days when it should have otherwise been airing when Florida voters were casting their ballots.

6. As I understand it, the State cannot currently prosecute FPF for running the advertisement "Caroline" or similar campaign speech because the Court has issued a temporary restraining order that prevents the State from taking that kind of action.

7. Prior to the temporary restraining order, FPF feared that it would face prosecution by the State if it continued to educate voters about Amendment 4 and Florida's current law, as it intends to do.

8. Without the temporary restraining order or an injunction in place, FPF will continue to face that fear.

9. I understand that a representative of the Department of Health has stated in this litigation that it is "currently unaware of any harm that has arisen from the airing of the 'Caroline' commercial," and is consequently "not moving forward with an enforcement action under these circumstances." That statement does not assuage FPF's fears of enforcement, particularly because the Department has otherwise argued in this litigation that it believes that "Caroline" will inevitably and foreseeably cause harm to women in Florida. For example, the Department has said that (1) "Caroline" "contains objectively false information," (2) "when false speech causes legally cognizable harm, the government may intervene without offending the First Amendment," and (3) "[i]f a Florida woman suffers legally cognizable harm as a result of the advertisement, any subsequent

enforcement action would be consistent with the First Amendment." FPF collectively understands those statements to mean that, as soon as the Department does identify "harm" arising from FPF's advertisement or other campaign speech like "Caroline" that FPF otherwise plans to engage in, that the Department intends to prosecute.

10. FPF's fear of enforcement has also been heightened in light of its recent understanding that individuals in the Executive Office of the Governor acting in concert with the Department of Health have put political pressure on Department of Health officials to prosecute FPF's speech and that the Department of Health has hired two law firms whose scope is assisting with enforcement actions pursuant to the October 3 letters.

11. Although FPF is committed to continue airing "Caroline" in the face of these threats, and plans to continue to air "Caroline" through Election Day on November 5, 2024, on broadcast stations throughout the State and on FPF's own website and social media, the threat of enforcement looming over FPF has caused FPF to alter its behavior to try and protect itself and its employees from criminal penalties.

12. FPF now reviews external communications with an eye towards the threat of criminal prosecution, attempting to consider what statements the State may consider "false," regardless of whether FPF believes a given statement to be

4

accurate. This implicates almost all of FPF's speech in light of the State's apparent determination that most of FPF's positions are "lies" while the State's positions are the "truth." *See Florida is Protecting Life*, FLA. AGENCY FOR HEALTH CARE ADMIN. (Sept. 2024).[1]

13. FPF fears that it may lose the opportunity to work with some employees and/or campaign volunteers who fear the threat of prosecution for making accurate statements about Amendment 4 and Florida's current law.

14. Although FPF will continue to educate voters about Amendment 4 and Florida's current law, the threat of prosecution is not one that FPF takes lightly. This threat affects FPF, its employees, and its strategy, and cannot help but to make FPF choose not to engage in some speech it otherwise would.

15. FPF does not know whether media outlets will call the race for Amendment 4 on or after Election Day itself. The election results are not certified until November 19, 2024. Given the State of Florida's ongoing opposition to Amendment 4 and recent suits to invalidate Amendment 4 even if it succeeds at the ballot box, FPF anticipates the need to advocate for Amendment 4 and, if it passes, its adoption after Election Day itself.

16. Moreover, the threat of criminal violations will continue post-election as the State has indicated that it may pursue criminal penalties if it finds harm.

---

[1] Available at https://quality.healthfinder.fl.gov/floridacares/floridacares [https://perma.cc/M9X7-VLHD] (last accessed Oct. 23, 2024).

I, Sara Latshaw, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: Oct 25, 2024

*Sara Latshaw*

**Sara Latshaw**