IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDIANS PROTECTING
FREEDOM, INC.,

    *Plaintiff*,

v.                                           Case No.:  4:24cv419-MW/MAF

JOSEPH A. LADAPO,

    *Defendant.*
_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

On October 29, 2024, this Court held a hearing on Plaintiff's motion for preliminary injunction. ECF No. 24. At the hearing, the parties discussed whether Plaintiff might face enforcement action for its political advertisement, "Caroline," after election day, November 5, 2024. The record evidence suggests that Defendant has not presently identified any harms caused by Plaintiff's ad, and that Defendant does not intend to bring an enforcement action against Plaintiff at this time. But Defendant argued that the Department of Health could bring an enforcement action, including but not limited to instituting criminal prosecution[1] against Plaintiff in the future should it find that Plaintiff's "Caroline" ad harmed a Florida resident. During

---

[1] The statute also provides for civil and administrative penalties. § 386.03, Fla. Stat.

the hearing, Plaintiff also stated that it did not plan to continue running its "Caroline" ad after November 5, 2024.

At the hearing and in response to this Court's questioning, Defendant noted that he had not briefed the mootness issue in full. Accordingly, Defendant shall file supplemental briefing addressing whether Plaintiff's viewpoint discrimination claim is now moot and identify what record evidence supports Defendant's position.[2] Defendant shall file his supplemental brief **on or before 5:00 p.m. (EST) Friday, November 1, 2024.** Plaintiff shall respond to Defendant's supplemental brief **on or before 5:00 p.m. (EST) Monday, November 4, 2024.**

Separately, Plaintiff is required to establish that it faces an imminent threat of irreparable harm in order to receive a preliminary injunction under Federal Rule of Civil Procedure 65. In light of Plaintiff's statement that it will stop running the "Caroline" ad after November 5, 2024, and Defendant's evidence that the Department has identified no present harm to form the basis of an enforcement action, Plaintiff shall submit supplemental briefing addressing whether Plaintiff

---

[2] This Court recognizes that a claim may become moot for several reasons. At the hearing, Defendant appeared to be arguing that Plaintiff's claims are now moot due to voluntary cessation. But Defendant bears the burden to demonstrate voluntary cessation. Given Defendant's assertion that the Department of Health intends to reserve the right to later bring an enforcement action against Plaintiff for its "Caroline" ad, if voluntary cessation is the basis for his mootness argument, he must point to evidence to meet this burden. Alternatively, Defendant may submit new evidence to the extent he is arguing the circumstances have changed going forward or raise any alternative theory of mootness supported by the record.

faces an imminent irreparable harm absent a preliminary injunction,[3] and identify the evidence in the record supporting its position. Plaintiff's supplemental brief is due **on or before 5:00 p.m. (EST) Friday, November 1, 2024** Defendant shall respond to Plaintiff's supplemental brief **on or before 5:00 p.m. (EST) Monday, November 4, 2024.**

        **SO ORDERED on October 29, 2024.**
                              **s/Mark E. Walker**
                              **Chief United States District Judge**

---

[3] To be clear, this inquiry is limited to the imminent irreparable harm that must be shown to obtain a preliminary injunction, not the question of imminent harm as it relates to standing. This Court does not need citations to case law reciting that threat of prosecution constitutes imminent irreparable harm when it chills speech. The record here demonstrates that Plaintiff will stop running its "Caroline" ad once voting ends on November 5, 2024. The question is thus whether imminent irreparable harm will remain once Plaintiff has voluntarily stopped speaking and faces only a threat of prosecution for prior speech.