IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDIANS PROTECTING FREEDOM, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> JOSEPH A. LADAPO, in his official capacity as State Surgeon General and Head of the Florida Department of Health, <br><br> *Defendant*. | Civil Action No. 4:24-cv-00419 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF ON MOOTNESS**

At the parties' preliminary injunction hearing, Defendant Ladapo stated he had not briefed the issue of mootness in this case. By order dated October 29, 2024, the Court offered Defendant an opportunity to do so, including an opportunity to "submit new evidence to the extent [Defendant] is arguing the circumstances have changed going forward," and ordered Plaintiff to respond by November 4, 2024. Order for Supp. Br. at 2 n.2, ECF No. 40. For the reasons set out below, Plaintiff Floridians Protecting Freedom, Inc. (FPF) maintains this case is not presently moot and will not be moot after Election Day.

As Defendant concedes, this case is not presently moot "under Article III" "because 'Caroline' is still being aired in Florida, and because the effects of the advertisement are not finally known." Def.'s Supp. Mem. on Mootness at 1, ECF No. 41. Although FPF obviously disagrees that "Caroline" has or may cause harmful "effects," the fact that Defendant continues to maintain as much and defend the Department's ability to enforce sanitary nuisance laws as applied to FPF's speech is itself reason to conclude that this case is not moot. Nor will this case be moot after Election Day, because the same or at least similar conditions will persist. Not only will Defendant continue to assess whether any pre-election airing of Caroline has caused "harm," but the advertisement will remain publicly available, even if it is not being aired on television. *See* Pl.'s Supp. Br. at 2-4, ECF No. 42.

As the Eleventh Circuit has held, in a pre-enforcement challenge such as this, a controversy remains live for mootness purposes so long as there is "some possibility that the defendants will seek to enforce the challenged regulation." *ACLU v. The Fla. Bar*, 999 F.2d 1486, 1494 (11th Cir. 1993). FPF makes such a showing where "all that remains between the plaintiff and impending harm is the defendant's discretionary decision—which could be changed—to withhold enforcement." *Id*. at 1494-95 (cleaned up).

The facts of *ACLU* make plain that this case is not moot, nor will it be moot anytime soon. In *ACLU*, a judicial candidate, Schack, sought pre-enforcement review of Florida's canons for judicial conduct, which prohibited speech in judicial elections that was not consistent with the "dignity" required of the office. *Id*. at 1488. Although the defendants had not yet enforced the canon against Schack, a judicial committee (which was not a defendant in the case) had issued an advisory opinion stating that Schack's planned speech was unlawful. *Id*. at 1489. When Schack brought a pre-enforcement proceeding, the defendants maintained that, although the canon was constitutional and could be enforced against judicial candidates generally, defendants had "no intention" to enforce it against Schack because they did not believe it could be constitutionally applied against Schack's specific speech. *Id*. The district court found that this concession mooted the case, but the Eleventh Circuit reversed, holding that there was a live controversy given (1) the defendants' position

2

that the canon was constitutional, and (2) that defendants were not bound by their court statements saying they would not prosecute Schack. *Id*. at 1492-95.

Defendant Ladapo has presented a far more direct and credible threat of prosecution to FPF in this case. In *ACLU*, a *non-defendant* had issued an advisory opinion suggesting that Schack's planned speech was unlawful; here, the Department for which *Defendant* is responsible sent a letter maintaining that "Caroline" is an unlawful sanitary nuisance and warning that "the person or persons committing the nuisance" were required to remove it within 24 hours or face prosecution. *See* Ltr. From Dep't of Health, Ex. A at 1-2, ECF No. 24-1 (internal quotation omitted). In *ACLU*, the defendants conceded they could not constitutionally apply the canon to Schack's speech; here, Defendant Ladapo has vigorously defended the constitutionality of enforcing nuisance laws against FPF's speech. *See generally* Def.'s Resp. to Prelim. Inj., ECF No. 31. And in *ACLU*, the defendants stated they had "no intention" of bringing any action against Schack, 999 F.2d at 1489; here, Defendant has carefully maintained that such action is still possible, noting that "the effects of the advertisement are not finally known." *See* Def.'s Supp. Mem. at 1; *see also* Def.'s Resp. to Prelim. Inj. at 20-21 (Defendant maintaining that (1) "Caroline" contains "objectively false information," (2) harm will "foreseeably result" from "Caroline," and (3) when such harm occurs, "any subsequent enforcement action would be consistent with the First Amendment").

3

Defendant has thus sought to give the Department significant breathing room to seek enforcement against FPF, and his assurances that it is "reasonably likely" that the Department will not need to seek enforcement against FPF, Def.'s Supp. Mem. at 4, is no reassurance at all. At best, Defendant's current representation that it is unlikely that the Department will seek to enforce Florida's sanitary nuisance statutes against FPF is nothing more than a current "self-imposed restriction," which is insufficient to establish mootness. *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1247 (11th Cir. 1998); *see also ACLU*, 999 F.2d at 1494.

Defendant's attempt to invoke the doctrine of "prudential mootness," Def.'s Supp. Mem. 1-2, does nothing to move the ball. Although Defendant handwaves at "changes in circumstances" that render this Court's involvement no longer necessary, *id*. at 2, Defendant does not articulate what those changes actually are. To the contrary, Defendant has reiterated that "the effects of the advertisement are not finally known," *id*. at 1, giving the Department unfettered freedom to bring an enforcement action should he identify such harmful effects.

In arguing that prudential mootness applies here, Defendant remarkably chastises FPF for bringing suit "before engaging with the State about the conditions under which Florida might enforce its sanitary nuisance law." *Id*. at 2-3. Stated differently, Defendant suggests FPF should have conferred with the Department before filing suit to determine (1) whether the Department's letter to broadcast

4

stations proclaiming that FPF's speech was an unlawful sanitary nuisance was a genuine attempt to enforce Florida's public health laws that FPF should have taken seriously, or (2) whether the Department in fact never intended to enforce the threat in its letter, because it was simply a political ploy to remove FPF's speech from the airwaves.

Either way, Defendant's actions are unlawful: The former is viewpoint discrimination; the latter coercion. As previously briefed, Defendant cannot justify viewpoint-based restrictions on FPF's speech, and Defendant cannot coerce third parties to do what the State cannot do directly. *See* Pl.'s Mem. for Prelim. Inj. at 16-29, ECF No. 24. In any event, Defendant's insinuation that it might have withdrawn the letter and its threat if FPF had "engaged with the State" about it before bringing litigation is not credible given the positions that it has taken in this litigation. And it further ignores that the immediate chilling impact that the letter had on speech—and would have continued to have—throughout any such "engagement," unless and until the Department categorically stated that it had no authority to and would not prosecute FPF for "Caroline" or any similar speech. As cases like *ACLU* make crystal clear, Defendant's repeated unwillingness to disclaim enforcement and maintain that the statute can be constitutionally enforced against FPF's speech means this case is not moot. Without an injunction, nothing safeguards FPF from the Department's caprice.

5

Defendant's final suggestion that this case will be moot when the "election is over," with a smattering of irrelevant caselaw, Def.'s Supp. Mem. at 2 (quoting *Brockington v. Rhodes*, 396 U.S. 41, 43 (1969)), is similarly misplaced. Disputes about specific electoral practices that cease to be relevant after an election has passed—whether a candidate can be on the ballot, *Brockington*, 396 U.S. 41, or about the constitutionality of signature requirements for ballot access, *Hall v. Sec'y, Ala.*, 902 F.3d 1294 (11th Cir. 2018); *Thompson v. DeWine*, 7 F.4th 521 (6th Cir. 2021)— have almost nothing in common with this case, where, as this Court aptly noted at the preliminary injunction hearing, the State has a year to bring enforcement proceedings against FPF or anyone who aired FPF's speech. *See* Tr. of 10/29/2024 Prelim Inj. Hr'g 15:24–16:13. If anything, Defendant's suggestion that this case is irrelevant after November 5, 2024, is at best an implicit concession that the Department may lose interest in it once the campaign for Amendment 4 is over (because, of course, the Department's letter was never about a genuine public health crisis but an attempt to silence FPF's speech before the election).

Finally, this Court should not give Defendant a third opportunity to brief the issue of mootness "before [the Court] issue[s] a preliminary injunction." Def.'s Supp. Mem. at 4. Defendant could have, but did not, brief his full position on mootness in his preliminary injunction opposition or in this supplemental briefing to the Court, which even offered Defendant an opportunity to present new evidence on

6

the issue. *See* Order for Supp. Br. at 2 n.2. Defendant declined that offer, and it is not clear what could change after Election Day from an enforcement perspective. Although Defendant suggests this case is not currently moot because "Caroline" is presently being shown to the public and the effects of "Caroline" are not "finally known," Def.'s Supp. Mem. at 1, the same will be true after Election Day. As FPF explained in its first supplemental brief, "Caroline" will remain publicly available after Election Day. *See* Pl.'s Supp. Br. at 2-4. The only thing that could be "finally known" by Election Day is whether the campaign for Amendment 4 has lost or won, a fact that should have no bearing whatsoever on whether FPF's speech is unlawful or merits enforcement.

      This Court has all the information it needs to enter a preliminary injunction. FPF respectfully requests that it does so.

Dated: November 4, 2024

Respectfully submitted,

*/s/ Christina Ford*
Christina Ford, FL Bar No. 1011634

Ben Stafford*
**ELIAS LAW GROUP LLP**
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
bstafford@elias.law

Daniel B. Tilley (FBN 102882)
Samantha J. Past (FBN 1054519)
Nicholas L.V. Warren (FBN 1019018)
Michelle Morton (FBN 81975)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, FL 33134

Emma Olson Sharkey\*
Christina Ford (FL Bar No. 1101634)
Renata O'Donnell\*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW
Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
eolsonsharkey@elias.law
cford@elias.law
rodonnell@elias.law

\**Admitted pro hac vice*

*Counsel for Plaintiff*

(786) 363-2714
dtilley@aclufl.org
nwarren@aclufl.org
spast@aclufl.org
mmorton@aclufl.org

Jennifer Blohm
**MEYER, BLOHM AND POWELL, P.A.**
P.O. Box 1547,
Tallahassee, FL 32302
(850)878-5212
jblohm@meyerblohmlaw.com

## CERTIFICATE OF COMPLIANCE

This document complies with the type-style requirements of Local Rule 5.1(C) because this document has been prepared in a proportionally spaced typeface using the word-processing system Microsoft Word in 14-point Times New Roman.

Date: November 4, 2024                     */s/ Christina Ford*
                                           Christina Ford

                                           *Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I certify that on November 4, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel who have entered an appearance.

Date: November 4, 2024                     */s/ Christina Ford*
                                           Christina Ford

                                           *Counsel for Plaintiff*