## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FLORIDIANS PROTECTING**
**FREEDOM, INC.,**

        *Plaintiff,*

 v.                      **Case No.: 4:24cv419-MW/MAF**

**JOSEPH A. LADAPO,**

        *Defendant.*

_____/

### ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Before this Court is Plaintiff Floridians Protecting Freedom, Inc.'s motion for a preliminary injunction. ECF No. 24. This Court considered the motion and the parties' evidence and arguments at a hearing on Tuesday, October 29, 2024.

Plaintiff argues that it will face irreparable harm to its constitutional rights if this Court does not enjoin Defendant from enforcing Florida's "sanitary nuisance" law against Plaintiff's political speech. But, while the record supported Plaintiff's earlier request for emergency, temporary relief to continue speaking before the election, the record does not support Plaintiff's reformulated claim of irreparable harm to justify a preliminary injunction going forward. Accordingly, Plaintiff's motion, ECF No. 24, is **DENIED**.

I

Under Rule 65 of the Federal Rules of Civil Procedure, a district court may grant a preliminary injunction "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam). Although a "preliminary injunction is an extraordinary and drastic remedy," it nonetheless should be granted if "the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (11th Cir. 1974)). None of these elements, however, is controlling; rather, this Court must consider the elements jointly, and a strong showing of one element may compensate for a weaker showing of another. *See Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Educ. & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979).

II

This Court begins and ends its analysis with the second prong: Plaintiff has failed to demonstrate the indispensable element that it will suffer irreparable injury absent an injunction.

Although courts are required to weigh all four elements outlined in Rule 65 of the Federal Rules of Civil Procedure, the showing of irreparable harm has been described as "the *sine qua non* of injunctive relief." *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)). "The failure to show irreparable harm is an independently sufficient basis upon which to deny a preliminary injunction." *Adventist Health Sys./SunBelt, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 17 F.4th 793, 806 (8th Cir. 2021) (citation omitted).

Here, Plaintiff has morphed its claim of irreparable harm as the underlying facts of this case have changed. At the start, Plaintiff sought emergency, temporary relief to prevent the ongoing irreparable harm of suppressing Plaintiff's advocacy in favor of Amendment 4 "in the final days of its campaign." ECF No. 2 at 36. In Plaintiff's own words, the State's "illegal coercion . . . thwarted [Plaintiff's] ability to devote all available resources towards mobilizing voters to vote yes on Amendment 4 in *these critical days before* the November election." *Id*. at 37 (emphasis added). And, according to Plaintiff, "once the election comes and goes, there can be no do-over and no redress." *Id*. (citation and quotation marks omitted). The record before this Court supported Plaintiff's request for emergency relief, and a temporary restraining order issued to prevent the ongoing irreparable harm of

stifling Plaintiff's political speech under the threat of enforcement in the run up to election day.

In Plaintiff's motion for preliminary injunction, Plaintiff reiterates its irreparable harm analysis from its brief in support of its motion for temporary restraining order, again asserting "FPF continues to suffer irreparable harm *in the final days of its campaign* because it has to respond to Defendants' actions rather than spend its resources persuading Florida voters to vote yes on Amendment 4." ECF No. 24 at 36 (emphasis added). But Plaintiff's reply in support of its motion for preliminary injunction asks that an injunction include no expiration date, "given the likelihood that FPF will need to keep speaking about Amendment 4 after Election Day, due to ongoing threats to the Amendment." ECF No. 36 at 15.

To support this new argument, Plaintiff cites the declaration of Sara Latshaw, the Chair of Floridians Protecting Freedom, Inc. ECF No. 36-1. Specifically, Ms. Latshaw states that because Plaintiff "does not know whether media outlets will call the race for Amendment 4 on or after Election Day itself . . . . FPF anticipates the need to advocate for Amendment 4, and if it passes, its adoption after Election Day itself." *Id*. ¶ 15. Now, however, the election has taken place, and this Court takes judicial notice of the fact that Amendment 4 did not pass. Moreover, in response to this Court's Order for supplemental briefing, ECF No. 40, Plaintiff affirmed that it "has no current reason to believe it will actively air advertisements on television,

including 'Caroline,' after Election Day." ECF No. 42 at 4. Accordingly, Plaintiff's concerns regarding the need to continue advocating in favor of Amendment 4 by broadcasting the "Caroline" ad appear to be moot.

At the hearing on Plaintiff's motion for preliminary injunction, Plaintiff expanded its argument regarding irreparable harm, asserting that "the State's threats go more broadly to any speech it finds harmful or threatening." ECF No. 39 at 31–32. In addition, Plaintiff now argues that because it features "Caroline" on its website and its YouTube channel, and because "the Internet is forever," Plaintiff continues to fear an enforcement action given the Department of Health's characterization of its political speech as a "sanitary nuisance." In short, what was originally framed as a need for emergency, temporary relief to allow Plaintiff to continue running its "Caroline" ad on television without the fear of an enforcement action in the critical days leading up to and through election day has now transformed, in Plaintiff's view, into the need for far broader relief to prevent the State from threatening any pro-Amendment 4 speech it finds harmful. The problem for Plaintiff is that this broader claim of imminent irreparable harm is unsupported by the record.

Although the record supported a limited temporary restraining order to prevent the Department of Health from unconstitutionally coercing broadcasters to stop airing "Caroline" ahead of election day, Plaintiff has identified no evidence in this record demonstrating that television broadcasters will continue to be

unconstitutionally coerced, nor that Plaintiff faces an imminent threat of enforcement action for any other pro-Amendment 4 speech it may engage in *after* the election. Moreover, Plaintiff has not identified what other speech it intends to engage in going forward that would likely be the target of such an enforcement action.

Separate and apart from fearing enforcement actions targeting other pro-Amendment 4 speech, to the extent Plaintiff fears a possible future enforcement action for airing its "Caroline" ad *before* election day, or for continuing to post the "Caroline" ad on its website and on YouTube, Plaintiff has failed to demonstrate that any such enforcement is indeed imminent to justify extraordinary relief in the form of a preliminary injunction. This Court recognizes that Defendant has taken the position that if some harm *eventually* arises out of the "Caroline" ad, it reserves the right to bring an enforcement action for that harm. But the only evidence before this Court concerning any eventual, future enforcement action for promoting the "Caroline" ad is the declaration of Cassandra G. Pasley, Chief of Staff and Deputy Secretary of the Florida Department of Health, in which she states that "[t]he Department is currently unaware of any harm that has arisen from the airing of the 'Caroline' commercial . . . . [and t]herefore, the Department is not moving forward with an enforcement action under these circumstances." ECF No. 31-3 ¶¶ 4–5. In other words, unsurprisingly, the Department of Health has recognized that it is aware

of no actual harm resulting from Plaintiff's political advertisement. Moreover, the records suggests that no enforcement action is likely to occur unless the Department identifies a harm that results from Plaintiff's past speech. But the mere possibility of some future enforcement action premised upon an unknown future harm arising from Plaintiff's speech that occurred in the past is simply too remote and speculative to constitute an imminent irreparable injury justifying the extraordinary relief of a preliminary injunction.

"For an injunction to issue, 'the asserted irreparable injury must be neither remote nor speculative, but actual and imminent.' " *Swisher Int'l, Inc. v. United States Food & Drug Admin.*, No. 21-13088, 2022 WL 320889, at *4 (11th Cir. Feb. 3, 2022). At this juncture and based on the evidence in this record, this Court finds that the possibility of future enforcement action based on Plaintiff's past speech is both remote and speculative. In addition, Plaintiff has failed to demonstrate that it faces irreparable harm with respect to any future pro-Amendment 4 speech that it has yet to identify. Accordingly, Plaintiff has failed to demonstrate that it faces an imminent irreparable harm if a preliminary injunction does not issue. For these reasons, Plaintiff's motion, ECF No. 24, is **DENIED**. Pursuant to this Court's Order

Extending the Temporary Restraining Order, ECF No. 38, the temporary restraining order is **DISSOLVED** as of the filing of this Order.

**SO ORDERED on November 6, 2024.**

**s/Mark E. Walker**
**Chief United States District Judge**