# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| FLORIDIANS PROTECTING FREEDOM, INC., *Plaintiff*, v. JOSEPH A. LADAPO, in his official capacity as State Surgeon General and Head of the Florida Department of Health, *Defendant*. | Case No. 4:24-cv-00419-MW-MAF |

## DEFENDANT JOSEPH A. LADAPO'S MOTION AND MEMORANDUM FOR EXTENSION OF TIME TO FILE ANSWER OR MOTION TO DISMISS

1. Defendant Joseph A. Ladapo respectfully requests a three-week extension of the deadline to file an answer or motion dismiss. *See* FED. R. CIV. P. 12(a)(1), (4). The current deadline is November 13, 2024. *See* ECF 35 (reflecting October 23, 2024 date of service). With the requested extension, the new deadline would be **December 4, 2024**.

2. Good cause exists to extend the deadline. *See* FED. R. CIV. P. 6(b)(1). And the requested extension will not unduly delay the case. Accordingly, the Court should grant the motion.

3. To begin, an extension is warranted because circumstances have changed significantly since this case was filed. The election concluded less than one week ago, and Plaintiff is no longer broadcasting the "Caroline" advertisement on television. An extension of time is necessary so that Defendant can adequately assess these changed circumstances and present the Court with a responsive pleading or motion to dismiss that adequately accounts for them.

4. Additionally, an extension is warranted given the extensive pre-Answer litigation activities that have been occurring in this case. Plaintiff filed this lawsuit on October 16. Since that time, Defendant has participated in a TRO hearing on October 17; filed a brief in opposition to a preliminary injunction request on October 22; participated in a preliminary injunction hearing on October 29; and filed supplemental briefs on November 1 and 4. A modest extension of time is appropriate

1

so that Defendant has sufficient time to prepare a filing that will fully account for the Court's preliminary injunction ruling and meaningfully assist the Court in resolving this dispute.

5. The requested extension will not prejudice Plaintiff, as the Court has not yet entered a scheduling order in this case, and no other motions or matters are pending before the Court. Indeed, the extension is likely to benefit both parties by providing them with additional time to explore the trajectory of the case in the aftermath of the election. Finally, Defendant would accede to the Court granting Plaintiff a comparable extension of time to respond to Defendant's motion to dismiss, should such a motion be filed.

6. Defendant conferred with Plaintiff's counsel about this extension request. *See* L. R. 7.1(B). Defendant understands that Plaintiff's counsel has contacted their client and has not yet determined whether Plaintiff agrees to or opposes the request. Given the press of time—the motion to dismiss is due tomorrow absent an extension—it was necessary to proceed with this filing.

7. Defendant respectfully requests that the Court extend the deadline for Defendant to file an answer or motion to dismiss by three weeks, setting the new deadline on **December 4, 2024**.

| | |
|---|---|
| Respectfully submitted, | Date: November 12, 2024 |
| | ASHLEY MOODY<br>*Attorney General* |
| */s/ Brian W. Barnes*<br>Brian W. Barnes, *pro hac vice*<br>Samuel D. Adkisson, *pro hac vice*<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Ave., N.W.<br>Washington, D.C., 20036<br>Telephone: (202) 220-9600<br>Email: bbarnes@cooperkirk.com<br>sadkisson@cooperkirk.com | Henry C. Whitaker (FBN 1031175)<br>  *Solicitor General*<br>Daniel William Bell (FBN 1008587)<br>  *Chief Deputy Solicitor General*<br>Nathan A. Forrester (FBN 1045107)<br>  *Senior Deputy Solicitor General*<br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida 32399-1050<br>(850) 414-3300<br>(850) 410-2672 (fax) |

*Counsel for Defendant Joseph A. Ladapo*

3

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Local Rule 7.1(F) because, excluding the parts of the document exempted by the rule, the foregoing memorandum contains 437 words. This document complies with the type-style requirements of Local Rule 5.1(C) because this document has been prepared in a proportionally spaced typeface using the word-processing system Microsoft Word in 14-point Times New Roman. This document complies with Local Rule 7.1(B) because I conferred with opposing counsel before submitting the filing. As of the time of this filing, Plaintiff's counsel had not yet ascertained their client's position on the motion.

Date: November 12, 2024

*/s/ Brian W. Barnes*
Counsel for Defendant
Joseph A. Ladapo

## CERTIFICATE OF SERVICE

    I certify that on November 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel who have entered an appearance.

Date: November 12, 2024

                                          */s/ Brian W. Barnes*
                                          Counsel for Defendant
                                          Joseph A. Ladapo